UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Tijuan Jones, Petitioner, | ) C/A No. 4:08-3180-HFF-TER |
| v. | ) |
| Warden, FCI Edgefield, Respondent. | ) **Report and Recommendation** |

The Petitioner, Samuel Tijuan Jones (Petitioner), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner, an inmate at FCI Edgefield, files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147,

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, however, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Petitioner states, "[o]n February 24, 2005, the Greenville Police Department executed a search warrant at Petitioner's residence. . . . In addition to the drugs, the officers found two [2] firearms during the search warrant . . . [b]oth firearms were found on the bed in the bedroom - the Petitioner was several feet away in the living room." A review of the electronic docket in Petitioner's criminal case, Case Action No. 6:06-cr-398-HFF (C/A No. 06-398)[2], reveals that Petitioner was committed by this Court to the custody of the Bureau of Prisons on December 5, 2006. Petitioner received sentences of one hundred twenty-one (121) months for drug/weapon offenses, to be served concurrently. Petitioner received an additional consecutive sentence of sixty (60) months for having used a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c).

Petitioner did not challenge his conviction on direct appeal, but did file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on February 21, 2008. Petitioner's § 2255 motion is still pending before the Court. In the instant § 2241 action, Petitioner claims that he is "Legally,

---

[2] Petitioner placed his criminal case action number in the caption of the instant § 2241habeas petition.

Factually, and Actually Innocent of the Erroneous and Unlawfully Imposed 18 U.S.C. § 924(c) Sentence," which he asks the Court to vacate.

Discussion

______Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. *In re Dorsainvil*, 119 F.3d 245, 249 (3rd Cir. 1997). The enactment of § 2255 was also needed, "[b]ecause pertinent court records and witnesses were located in the sentencing district [and] it became impractical to require these petitions to be filed in the district of confinement". *Dumornay v. United States*, No. 93-1402, 1994 WL 170752, at *1 (10th Cir. May 5,1994). Thus, "the remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy". *Id.,* citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Since relief granted pursuant to § 2255 "is as broad as that of habeas corpus 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention'". *Id.* at *2, quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963). *See also Waletzki v. Keohane*, 13 F.3d 1079, 1080, (7th Cir.1994) ("a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255").

______ Although § 2255 expressly prohibits a prisoner from using § 2241 to challenge a conviction and sentence, § 2255 does contain a "savings clause." This "savings clause" allows a prisoner to challenge the validity of a conviction under § 2241, **if** the prisoner can demonstrate that § 2255 is

"inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (e). The Fourth Circuit Court of Appeals, in *In re Jones*, 226 F.3d 328 (4th Cir.2000), set forth the test to determine whether a §2255 motion should be considered inadequate or ineffective. In order to invoke the "savings clause," a petitioner must demonstrate that: "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-334.

Petitioner claims that he "meets all three [3] of the aforementioned requirements to qualify for the Savings Clause." Specifically, Petitioner claims that the decision of the United States Supreme Court in *Watson v. United States*, 128 S.Ct. 579 (2007), changed the substantive law such that Petitioner's "924(c)(1)" conviction is no longer deemed to be criminal conduct. However, this Court takes judicial notice of Case Action No. 6:06-cr-398-HFF, in which Petitioner's first § 2255 motion remains pending. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("[t]he District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time")*; Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949). As Petitioner has an ongoing § 2255 action, he does not meet each of the savings clause requirements outlined in *Jones.* Thus, Petitioner fails to demonstrate that § 2255 is inadequate or ineffective to test the legality of his

detention and Petitioner's writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is subject to dismissal.

Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *See also Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III.
United States Magistrate Judge

October 3, 2008
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).