UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Samuel Tijuan Jones, | C/A No. 4:08-3180-HFF-TER |
| Petitioner, | |
| v. | Report and Recommendation |
| Warden, FCI Edgefield, | |
| Respondent. | |

Petitioner, Samuel Tijuan Jones ("petitioner/Jones"), is currently incarcerated at Edgefield Federal Prison. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on September 18, 2008. Petitioner filed an amended petition on February 3, 2009. Respondent filed a motion for summary judgment on March 18, 2009, along with a return, a supporting memorandum, and exhibits. The undersigned issued an Order filed March 20, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a second amended petition on May 29, 2009. Respondent filed another Return and Memorandum on June 9, 2009. A second *Roseboro* Order was issued on June 22, 2009, advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately.

---

[1] This habeas corpus case was automatically referred to the undersigned United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## I. PROCEDURAL HISTORY

Petitioner was charged in a six count indictment filed on April 11, 2006. (Exhibit A, Indictment). Count one charged petitioner with possession with intent to distribute and distribution of 5 grams or more of crack cocaine in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(B). Count two charged him with possession with the intent to distribute crack cocaine on a later date. Count three charged him with being a felon in possession of firearms and ammunition, specifically, a Springfield armory .40 caliber pistol; a Colt .32 caliber semi-automatic pistol; a .9 mm ammunition; and .40 caliber ammunition, all of which had been shipped in interstate commerce, in violation of 18 U.S.C. 922(g0(1), 924(a)(2), and 924(e). Count four charged petitioner with the intent to distribute crack cocaine on yet another date. Count five charged Jones with knowingly using, carrying, and possessing a firearm in furtherance of a drug trafficking crime. Count six charged petitioner with another instance of possession with the intent to distribute crack cocaine.

On August 30, 2006, petitioner pleaded guilty to counts three, four, five, and six of the indictment. On November 15, 2006, Jones' sentencing hearing was held. Jones was sentenced to 181 months imprisonment and 5 years of supervised release. (See Exhibit B, Judgment). The judgment was entered on December 5, 2006. Jones did not file a direct appeal. On February 21, 2008, Jones filed a §2255 petition. (See Exhibit C , §2255 Petition). On October 16, 2008, the court dismissed Jones' §2255 motion as untimely.On September 10, 2008, petitioner filed this action under 28 U.S.C. §2241.

Petitioner did not challenge his conviction on direct appeal, but did file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on February 21, 2008. Petitioner's § 2255 motion was

2

dismissed by the court, with the consent of petitioner, on the basis that it was untimely filed. (See order, Doc. #17 in this action).

In the original petition, petitioner states, "[o]n February 24, 2005, the Greenville Police Department executed a search warrant at petitioner's residence. . . . In addition to the drugs, the officers found two [2] firearms during the search warrant . . . [b]oth firearms were found on the bed in the bedroom - the petitioner was several feet away in the living room." A review of the electronic docket in petitioner's criminal case, Case Action No. 6:06-cr-398-HFF (C/A No. 06-398)[2], reveals that petitioner was committed by this Court to the custody of the Bureau of Prisons on December 5, 2006. Petitioner received sentences of one hundred twenty-one (121) months for drug/weapon offenses, to be served concurrently. Petitioner received an additional consecutive sentence of sixty (60) months for having used a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c).

In the instant § 2241 action, petitioner claims that he is "Legally, Factually, and Actually Innocent of the Erroneous and Unlawfully Imposed 18 U.S.C. § 924(c) Sentence," which he asks the Court to vacate.

## II. DISCUSSION

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional

---

[2] Petitioner placed his criminal case action number in the caption of the instant § 2241habeas petition.

3

habeas corpus remedy. *In re Dorsainvil*, 119 F.3d 245, 249 (3rd Cir. 1997). The enactment of § 2255 was also needed, "[b]ecause pertinent court records and witnesses were located in the sentencing district [and] it became impractical to require these petitions to be filed in the district of confinement". *Dumornay v. United States*, No. 93-1402, 1994 WL 170752, at *1 (10th Cir. May 5,1994). Thus, "the remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy". *Id.,* citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Since relief granted pursuant to § 2255 "is as broad as that of habeas corpus 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention'". *Id.* at *2, quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963). *See also Waletzki v. Keohane*, 13 F.3d 1079, 1080, (7th Cir.1994) ("a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255").

Although § 2255 expressly prohibits a prisoner from using § 2241 to challenge a conviction and sentence, § 2255 does contain a "savings clause." This "savings clause" allows a prisoner to challenge the validity of a conviction under § 2241, **if** the prisoner can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (e). The Fourth Circuit Court of Appeals, in *In re Jones*, 226 F.3d 328 (4th Cir.2000), set forth the test to determine whether a §2255 motion should be considered inadequate or ineffective. In order to invoke the "savings clause," a petitioner must demonstrate that: "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy

4

the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-334.

Petitioner claims that he "meets all three [3] of the aforementioned requirements to qualify for the Savings Clause." Specifically, petitioner claims that the decision of the United States Supreme Court in *Watson v. United States*, 128 S.Ct. 579 (2007), changed the substantive law such that petitioner's "924(c)(1)" conviction is no longer deemed to be criminal conduct.

Petitioner cannot satisfy the second prong of the savings claims. First, the law has not changed as to undermine the legality of his conviction. Also, *Watson* did not occur subsequent to his direct appeal and first §2255 motion.

The claims raised in the above-captioned case, however, are not proper § 2241 grounds. Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has only been resorted to only in limited situations — such as actions challenging the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-505 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991); or unsuccessful attempts to overturn federal convictions, *San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002).

"[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir.1994). Many federal prisoners, such as the petitioner, have erroneously attempted to overturn federal convictions by filing a Section 2241 action. *See, e.g., San-Miguel v.*

*Dove*, 291 F.3d 257 (4th Cir. 2002) (upholding dismissal of Section 2241 action filed in the District of South Carolina challenging convictions and sentences entered in the United States District Court for the District of Puerto Rico).

The fact that the petitioner's § 2255 action may be untimely or successive does not render a § 2255 petition inadequate or ineffective. *Phillips v. Jeter*, Civil Action No. 4:04-CV-0846-Y, 2005 U.S.Dist. LEXIS 2939, 2005 WL 465160, *1-*2 (N.D. Tex., Feb. 25, 2005), *appeal dismissed*, *Phillips v. Jeter*, No. 05-10494, 193 Fed. Appx. 326, 2006 U.S. App. LEXIS 20154, 2006 WL 2006 WL 2254537 (5th Cir., August 7, 2006). *Cf. United States v. Winestock*; and *Rhodes v. Houston*, 258 F. Supp. 546 (D. Neb. 1966).

Since the claims that the petitioner seeks to raise in the above-captioned case are cognizable, if at all, under 28 U.S.C. § 2255, the petitioner's available judicial remedy is to seek leave to file a successive petition from the United States Court of Appeals for the Fourth Circuit.[3] Before the petitioner attempts to file another petition regarding his sentence under 28 U.S.C. § 2255, the petitioner **must** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit.[4] The petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.

Accordingly, it is recommended that this action be dismissed.

---

[3] It is noted that the decision in <u>Watson</u> which petitioner relies was decided on December 10, 2007. Petitioner's conviction and sentence became final on December 15, 2006. Petitioner did not file a direct appeal so that his conviction became final ten days after the entry of judgment on December 5, 2006. Therefore, the <u>Watson</u> case was decided within the time period that petitioner could have filed his § 2255.

[4] *See* Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214 (1996), which is codified at 28 U.S.C. § 2244.

## III. CONCLUSION

For the above stated reasons, it is recommended that respondent's motion for summary judgment be granted and this petition dismissed.

It is FURTHER RECOMMENDED that any outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III.
United States Magistrate Judge

February 11, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**